**FILED**

DEC 21 2004

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

STATE OF SOUTH CAROLINA               IN UNITED STATES DISTRICT COURT

_____ JUDICIAL CIRCUIT

**COMPLAINT**

**WRONGFUL TERMINATION**

3 04 23360  22 BD

| | |
|---|---|
| Osiris S. Kafu, ) | |
| Plaintiff ) | FILE NO:_____ |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| Kelly Services, ) | |
| Defendant ) | |

I, Osiris Sahure Kafu would respectfully show unto this court that I was **wrongfully terminated** from a job assignment for Kelly Services, a temporary employment agency, at BlueCross and BlueShield of South Carolina, located 4101 Percival Road, Camden, S.C. I was hired by Kelly Services on December 29, 2004 and my assignment was wrongfully terminated on March 19, 2004, for discriminatory reasons, specifically **race, religion and sex. I am saying that Kelly Services** treated me unfairly over other employees according to factors unrelated to my ability or potential, again because of **race, religion and sex.**

**Because I am stating that my assignment at BlueCross and BlueShield in Camden, S.C. was wrongfully terminated for discriminatory purposes, the issue of whether my employment at Kelly Services was at will or on contract is mute.** However, my employment at Kelly Services was for **a definite period** as stated by both Kelly Services and BlueCross and BlueShield personnel, **for Jan 4 thru August 31, 2004, with potential for full-time employment offer from BlueCross and BlueShield and to apply for other positions with BlueCross and BlueShield nation-wide, at the end of that period.**

(1)

Furthermore, I am not certain if I was under contract during this assignment but I will ascertain during discovery, whether I was an at-will employee. I am certain that Kelly Services and BlueCross and BlueShield were under federal contracting regulations, during my assignment at BlueCross and BlueShield. Thereto I realize that as an at-will employee an employer can dismiss me if hired for an indefinite term at any time for any non-discriminatory reason; and that I can get fired for any number of job-related and non-job related reasons that are non-discriminatory. Therefor, I am specifically stating in this complaint that I was hired for a definite period as given above, the assignment was a federal contract, which placed both Kelly Services and BlueCross and BlueShield under **Executive Order 11246 and Section 503 of the Rehabilitation Act of 1973** and that I was wrongfully terminated for discriminatory reasons, specifically race, sex and religion.

I thereto state that **Kelly Services, the defendant** and/or BlueCross and BlueShield, both either federal contractors and subcontractors in reference to my job assignment in question, did **discriminate against Osiris Sahure Kafu, the plaintiff** in this case by making an employment decision to terminate Osiris Sahure Kafu without either affording Osiris Kafu an opportunity to answer an allegation of inappropriate behavior and by making the decision in an discriminatory manner, on the basis of his race, color, sex and religion. Furthermore, in violations of Section 503 of the Rehabilitation Act of 1973 **the defendant did not provide equal job opportunity to plaintiff, as a result of their discriminatory decision to terminate plaintiff without just cause.**

On March 19, 2004, approx. 4:30 p.m. the plaintiff received a call from Ms. Susan Snurr of Kelly Services stating that my assignment at BlueCross and BlueShield was terminated because a fellow female employee of Kelly Services at BlueCross and BlueShield filed a complaint that she felt uncomfortable around me. This is all Ms. Snurr would tell me and when I told her that the employee's allegations was not true and unfounded she stated that she did not care, regardless my assignment was already terminated and she guess she could investigate but she had no intention to do so.

Some 6 months later when I filed for unemployment benefits the reason given for my termination was specifically: "by Susan Snurr Kelly Supervisor, due to violation of our harassment policy". However, Kelly Services harassment policy specifically states: **"Upon learning of a situation that may violate this policy, Kelly will conduct a prompt investigation."** Kelly never conducted an investigation prior to terminating Plaintiff, which is a direct violation of their own policy. Plaintiff specifically states that the allegations against him were false and unfounded and shall produce during the trial, the only two witnesses of the alleged harassment, who will verify Plaintiff's claim of false and unfounded harassment claim against Plaintiff, which supposedly led to Plaintiff's termination.

Plaintiff filed a charge of discrimination against Kelly Services due to sex, male in violation of Title VI of the 1964 Civil Rights Act, as amended with the U.S. Equal Employment Opportunity Commission (EEOC) on June 29, 2004, because this organization would only accept one charge, wherein I am claiming **wrongful termination for discriminatory purposes due to race and religion, as well as sex.** Kelly Services refused mediation and the EEOC referred the case to their attorney for potential prosecution. EEOC's attorney said that their case load this not allow them to pursue a case such as this one but they issued me a letter giving me the right to sue on September 29, 2004, **included in Appendix 1 of this complaint.**

Wrongful termination has caused Plaintiff to suffer financial damages and punitive damages for emotional and psychological distress caused by the wrongful termination, with respect to false allegations of harassment; **giving special consideration that plaintiff is a community leader whose reputation has also suffered severe damage.** With respect to damages associated with lost wages, plaintiff wages at least until the definite period ending August 31, 2004 should be compensated for by defendant but with knowledge that other employees of Kelly Services who started the same day as plaintiff, is still working for Kelly Services and that Kelly Services had other assignments for plaintiff, plaintiff pray that the court grant him relief for lost wages until such time that a final ruling is made in this case. Therefore, considering the August 31, 2004 cut-off for wage compensation the plaintiff is asking for **$10,442.00** in damages for lost wages; and approximating a March 19, 2005 final judgment for this case plaintiff is asking for **$25,424** in damages for

lost wages, which ever the court deem most appropriate. However, plaintiff is asking for **$25,424** in damages for lost wages, because plaintiff believes that defendant has given negative information to perspective employers, pursuant to their allegations of inappropriate behavior on the part of plaintiff prior to assignment being terminated by Ms. Snurr, which severely limited my ability to secure employment. Plaintiff merely asks for damages that are fair and proper in this case considering the wrongful termination caused plaintiff financial, psychological and emotional suffering.

Plaintiff also is asking to court for relief for **legal fees, attorney fees and other fees and costs associated with bringing this case to the court.** Finally, plaintiff respectfully asks the court for **punitive damages for a sum to be later specified by the plaintiff or court.** The Plaintiff respectfully prays that the court grant him **the relief requested in this complaint and whatever further relief this court may deem just and proper or that plaintiff motions for during the course of this case.**

20 Dec 2004
DATE

Osiris S. Kafu
OSIRIS SAHURE KAFU
**Plaintiff**
**56 James Village Apts.**
**Sumter, S.C. 29150**

DOCKET NUMBER: _____     SSAN: 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

PLAINTIFF:

NAME:  Osiris Sahure Kafu

ADDRESS:  56 James Village Apts., Sumter, S.C. 29150

EMPLOYER:  Unemployed

EMPLOYMENT ADDRESS: na     WORK TIME: na

HOME PHONE: 803-778-2836     BUSINESS PHONE: na

\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*

DOCKET NUMBER: _____     SSAN: _____

DEFENDANT:

NAME: Kelly Services  (SUSAN SNURR)

ADDRESS:

EMPLOYER: Kelly Services

EMPLOYMENT ADDRESS: 4101 PERCIVAL ROAD
CAMDEN, SC     WORK TIME:

HOME PHONE: 803-264-8176     BUSINESS PHONE: 803-763-5497

\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*

NOTE!!!!!!     If the address of the defendant or respondent is a RURAL/BOX NUMBER give the name of the road/street and draw a small map showing how to get there.