IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

OSIRIS KAFU, )
   PLAINTIFF, ) CIVIL ACTION NO. 3:04-2331-03-CMC-BM
)
V.S. ) AMENDED COMPLAINT
)
KELLY SERVICES, )
   DEFENDANT. )
_____)

I, OSIRIS S. KAFU hereby file this AMENDED COMPLAINT SETTING FORTH WITH SPECIFICITY THE FACTUAL ALLEGATIONS AGAINST THE DEFENDANT, WHAT THE DEFENDANT HAVE DONE TO PLAINTIFF AND ON WHAT BASIS PLAINTIFF IS SEEKING RELIEF.

MY ASSIGNMENT WAS WRONGFULLY TERMINATED ON MARCH 19, 2004 FOR DISCRIMINATORY PURPOSES, SPECIFICALLY FOR BOTH RELIGION AND SEX. PURSUANT TO THESE ALLEGATIONS PLAINTIFF WAS AWARDED BACK UNEMPLOYMENT COMPENSATION PURSUANT TO THE DECISION OF APPEAL TRIBUNAL ON MARCH 2, 2005, IN ATCH 1. OF THIS AMENDED COMPLAINT. THE TRIBUNAL HELD THAT PLAINTIFF WAS DISCHARGED WITHOUT CAUSE. KELLY SERVICES WAS AFFORDED AN OPPORTUNITY TO APPEAL THIS DECISION BUT DECLINED.

I SPECIFICALLY STATE THE DEFENDANT DID DISCRIMINATE AGAINST PLAINTIFF BY MAKING AN EMPLOYMENT DECISION TO TERMINATE PLAINTIFF WITHOUT AFFORDING PLAINTIFF AN OPPORTUNITY TO ANSWER ALLEGATIONS OF INAPPROPRIATE BEHAVIOR AND BY MAKING THE DECISION IN A DISCRIMINATORY MANNER, ON THE BASIS OF HIS SEX (MALE) AND RELIGION (KEMETIC RELIGION). FURTHERMORE, IN VIOLATION OF SECTION 503 of the REHABILITATION ACT OF 1973

THE DEFENDANT DID NOT PROVIDE EQUAL JOB OPPORTUNITY TO PLAINTIFF, AS A RESULT OF THEIR DISCRIMINATORY DECISION TO TERMINATE PLAINTIFF <u>WITHOUT CAUSE</u>, AS THE S.C. EMPLOYMENT SECURITY COMMISSION APPEAL TRIBUNAL HELD ON MARCH 02, 2005.

"CAUSE" INCLUDES BUT IS NOT LIMITED TO, A VIOLATION OF THE EMPLOYER'S REASONABLE RULES OR A DISREGARD FOR THE STANDARDS OF BEHAVIOR THAT AN EMPLOYER HAS A RIGHT TO EXPECT OF AN EMPLOYEE.

EMPLOYER, KELLY SERVICES, HAS NO FIRST HAND TESTIMONY TO OFFER TO SUPPORT THEIR ALLEGATIONS. THE PLAINTIFF HAS WITNESS TO SUPPORT HIS DECLARATION OF DENIAL OF ANY WRONGDOING, IN REGARDS TO INAPPROPRIATE BEHAVIOR ON HIS PART. THE PLAINTIFF WAS DISCHARGED BY DEFENDANT WITHOUT CAUSE THERETO, THIS IS THE FACTUAL ALLEGATIONS AGAINST THE DEFENDANT AND THIS IS WHAT THE DEFENDANT HAS DONE TO PLAINTIFF.

THE BASIS THE PLAINTIFF IS SEEKING RELIEF IS AS FOLLOWS:

(1) 30 CJS 83: WHEN AN EMPLOYER ATTEMPTS TO JUSTIFY DISCHARGE ON A PARTICULAR GROUND, HE IS RESTRICTED TO THE GROUND SPECIFIED AND NO OTHER REASON MAY BE INVOKED. DEFENDANT ALLEGES INAPPROPRIATE BEHAVIOR ON PART OF PLAINTIFF BUT DEFENDANT OFFERED NO EVIDENCE TO SUPPORT THEIR ALLEGATIONS. FURTHERMORE, DEFENDANT HAS NO EVIDENCE OF INAPPROPRIATE BEHAVIOR ON PART OF PLAINTIFF, NOR DID PLAINTIFF ACT INAPPROPRIATELY; AND

(2) Plaintiff was employed by Defendant under a federal contract. Thereto the S.C. Right to Work laws do not apply to this case and Defendant has to show a reasonable cause for discharge.

Plaintiff has already filed a copy of his Right to Sue Letter to the court and the Defendant. Plaintiff has attached as ATCH 2, a copy of his administrative charge of discrimination filed with the EEOC.

- Plaintiff is asking for $10,442.00 in lost wages and Plaintiff is now asking for $55,424 in damages due to emotional suffering and lost reputation and inability to locate employment. Plaintiff is also asking court for relief for attorney fees and other fees and costs associated with the rendering of a final judgment. Finally, Plaintiff is asking for punitive damages for a sum to be later specified by the court.

The Plaintiff respectfully prays that the court grant him relief requested in the complaint and whatever further relief the court may deem just and proper on the Plaintiff motions for during the course of this case.

15 August 2005
DATE

_____
Osiris S. Kapu
OSIRIS S. KAPU
PLAINTIFF
751 Nixon St., Apt. S1
Sumter, SC 29150

Appeal No: 01942                                         DECISION NO: 2005-A-2425

## SOUTH CAROLINA
## EMPLOYMENT SECURITY COMMISSION

# DECISION OF APPEAL TRIBUNAL

Hearing Date: March 02, 2005

| | |
|---|---|
| OSIRIS KAFU<br>JAMES VILLAGE APT 56<br>SUMTER, SC  29150 | **CLAIMANT** |
| KELLY SERVICES INC<br>PO BOX 331179<br>DETROIT, MI  48266 | **EMPLOYER** |

APPELLANT:  Claimant                                      SS NO: 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

## APPEARANCES

FOR THE           Present                  FOR THE           1 Witness
CLAIMANT:         1 Witness                EMPLOYER:

## FINDINGS OF FACT

The issue in this case is whether the claimant was discharged for "cause."

The claimant appealed the determination mailed November 12, 2004, which held the claimant disqualified from receiving benefits for ten (10) weeks, effective October 17, 2004, through December 25, 2004, upon a finding the claimant was discharged for cause.

The claimant worked from January 5, 2004, to March 19, 2004, with the subject employer, most recently as a warehouse worker.

His initial appeal was ruled untimely by Appeal Tribunal Decision No. 2004-A-14374 mailed on November 12, 2004. Commission Decision No. 05-C-162 reversed this decision and ordered a hearing conducted to cover the claimant's separation.

The employer discharged the claimant because he allegedly exhibited threatening or intimidating behavior towards a co-worker.

Appeal No: 01942                                              DECISION NO: 2005-A-2425

The claimant denied the allegation and presented a witness that corroborated his position. The employer witness had no first-hand evidence to offer on the alleged threat.

## REASONS

The South Carolina Employment Security law provides in §41-35-120(2) for a disqualification of from five (5) to twenty-six (26) weeks, with a corresponding monetary reduction, if the Commission finds the claimant was discharged for "cause" connected with the most recent bona fide employment.

"Cause" includes, but is not limited to, a violation of the employer's reasonable rules or regulations, or a disregard for the standards of behavior that an employer has a right to expect of an employee.

In this case, the employer witness present had no first hand testimony to offer to support their allegation. The claimant and his witness denied any wrong-doing; therefore the Tribunal finds the employer has failed to meet the burden of proof and, as such, benefits should not be denied.

## DECISION

The Tribunal hereby holds the claimant eligible to receive benefits, effective October 17, 2004, upon a finding the claimant was discharged without cause. This decision reverses the determination mailed November 12, 2004.

---

**This will be the final decision of the Agency, unless you file an appeal to the Full Commission setting forth in detail the grounds for appeal within ten (10) calendar days,** including weekends and holidays, from the mailing date of this decision. If the tenth day falls on a Saturday, Sunday or holiday, the appeal period is extended to the next business day. Your appeal may be filed in person at any Employment Security Office, or by mail, addressed to "Commission Appeals," Post Office Box 995, Columbia, South Carolina 29202. For additional information or assistance in filing an appeal, contact your local Employment Security Office.

---

                                                 Ronnie H. Hoover
                                                 Chief Administrative Hearing Officer

RHH: sns
Decision Mailed: March 2, 2005
Mailed on the above Date By: _____

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>140-2004-05774 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Osiris Kafu | Home Phone No. (Incl Area Code)<br>(803) 778-2836 | Date of Birth<br>07-08-1956 |
|---|---|---|

Street Address: 56 James Village Apartments,   City, State and ZIP Code: Sumter, SC 29150

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>KELLY SERVICES | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(803) 905-5550 |
|---|---|---|

Street Address: 1320 Broad Street, Suite 80,   City, State and ZIP Code: Sumter, SC 29150

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-19-2004    Latest: 03-19-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was discharged from my warehouse position on March 19, 2004 because a female employee of Blue Cross Blue Shield stated that she felt uncomfortable around me. This is all management would tell me. I do not know the name of the employee or the particulars of her complaint against me. I never acted inappropriately towards any female while working for Respondent.

II. Susan LNU, Manager for Kelly Services at the Blue Cross Blue Shield site, told me that I was discharged because I made a female Blue Cross Blue Shield employee feel uncomfortable.

III. I believe that I was discharged because of my sex, male, in violation of Title VII of the 1964 Civil Rights Act, as amended.

US EEOC
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte NC 28202-9845

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 29, 2004     *Osiris Kafu* (signature)
Date                Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)