**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| OSIRIS S. KAFU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:04-23360-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| KELLY SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

       This action has been filed by the Plaintiff, pro se, asserting that he was unlawfully discriminated against by the Defendant on the basis of his gender and/or religion. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 30, 2006.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 31, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on July 5, 2006, following which Defendant filed a reply memorandum and motion to strike on July 12, 2006.  Plaintiff filed a memorandum in opposition to the Defendant's motion to strike on August 3, 2006. These motions are now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C.  The Defendant has filed a motion for summary judgment.  As

1



Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges in his unverified amended Complaint (Court Document No. 14)[2] that he was wrongfully terminated on March 19, 2004 because of his religion (Memphite) and gender (male). Although not specified in his Complaint, the evidence submitted to the Court shows that

---

this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, in this case the Plaintiff's amended Complaint is an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.



Plaintiff was discharged by the Defendant after he had been accused of some type of wrongdoing based on inappropriate behavior. Plaintiff alleges that he was terminated even though he had a witness to support his denial of any wrongdoing and the Defendant had "no firsthand testimony to offer to support their allegations." Plaintiff has attached to his Complaint a copy of a charge of discrimination, apparently submitted to the Equal Employment Opportunity Commission (EEOC), in which he alleged that he was discharged because of his sex, male, on March 19, 2004. Plaintiff has also submitted a copy of a right to sue letter issued on September 22, 2004.

Although Plaintiff only referenced a claim for sex discrimination in his EEOC filing, the Defendant has addressed both his sex and religious discrimination claims on the merits in its brief.[3] These claims require proof of intentional discrimination, either by direct evidence or by the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Since Plaintiff has not offered any direct evidence of sex and/or religious discrimination, or even made any allegations of such in

---

[3]In order to bring a lawsuit in United States District Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., a plaintiff is first required to properly exhaust his or her administrative remedies with respect to the claim being pursued. The evidence showing Plaintiff's submission of this matter to the EEOC indicates that he is pursuing his claim under Title VII. However, as noted, Plaintiff's EEOC filing does not reflect that he exhausted his administrative remedies with respect to his religious discrimination claim. Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000) [EEOC charge "defines the scope of [a plaintiff's] subsequent right to institute a civil suit"].

In its brief, Defendant states that the Plaintiff also filed a Complaint of Discrimination in Employment under Federal Government Contracts with the United States Department of Labor on or about May 29, 2004, in which he did reference a religion claim, as well as a race claim. Defendant's Brief, at p. 2. A copy of this document has not been submitted to the Court, nor is it clear what relation this document would have to Plaintiff's claim as set forth in his Complaint. Nevertheless, since the Defendant has addressed both Plaintiff's sex and religious discrimination claims in its brief, for purposes of consideration of Defendant's motion for summary judgment, the undersigned has also discussed both of these claims in this Report and Recommendation.



his Complaint[4], Plaintiff must proceed through the indirect evidence <u>McDonnell Douglas</u> framework.[5]

Under this analytical framework, Plaintiff would first have to establish a prima facie case of discrimination.  Once a prima facie case has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff.   Second, once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Third, if the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that his employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's sex and/or religion.  <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802-805; <u>Texas Dep't of Community Affairs</u>, 450 U.S. at 252-256; <u>Conkwright v. Westinghouse Elec. Corp.</u>, 933 F.2d 231, 234-235 (4th Cir. 1991).  Despite these shifting burdens of production, however, Plaintiff retains the ultimate

---

[4]Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 56 F.3d 542, 548-549 (4th Cir. 1995), <u>rev'd on other grounds</u>, 517 U.S. 308 (1996); <u>Black's Law Dictionary</u>, 460 (6th Ed. 1990) (citing <u>State v. McClure</u>, 504 S.W.2d 664, 668 (Mo.Ct.App. 1974); <u>see</u> <u>Williams v. General Motors Corp.</u>, 656 F.2d 120, 130 (5th Cir. 1981), <u>cert.</u> <u>denied</u>, 455 U.S. 943 (1982).

[5]In addition to a <u>McDonnell Douglas</u> analysis, consideration of Plaintiff's claim under the so-called "mixed-motive" analysis is now allowed, even if the only evidence submitted is circumstantial, or indirect, evidence. <u>Hill v. Lockheed Martin Logistics Mgt., Inc.</u>, 354 F.3d 277, 284-285 (4th Cir. 2004); <u>see</u> <u>also</u> <u>Mereish v. Walker</u>, 359 F.3d 330, 339-340 (4th Cir. 2004); <u>Machinchick v. PB Power, Inc.</u>, 398 F.3d 345, 352 (5th Cir. 2005) [ADEA]. Previously, consideration of a claim under the mixed motive analysis was only proper in direct evidence cases. However, neither party has argued for consideration of Plaintiff's claim under a "mixed-motive" analysis. <u>See</u> <u>Hopes v. Roche</u>, No. 04-2963, 2005 WL 1812820 at * 6 n. 2 (D.Md. Aug. 2, 2005) (citing <u>Nagy v. Baltimore Life Ins. Co.</u>, 49 F.Supp.2d 822, 836 n. 13 (D.Md. 1999) [declining to engage in "mixed-motive" analysis where parties have not argued a mixed-motive theory.]).

4



burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

In order to establish his prima facie case of discrimination, Plaintiff must establish the following: (1) that he is a member of a protected class; (2) that he was qualified for his position; (3) that he was fired in spite of his qualifications and adequate performance of his duties; and (4) that he was replaced by someone from outside of his protected class, or that he was otherwise discharged under circumstances giving rise to an inference of unlawful discrimination. See Settle v. Baltimore County, 34 F.Supp.2d 969, 991 (D.Md. 1999), aff'd sub nom., Harris v. Earp, 203 F.3d 822 (table) (4th Cir. 2000); see generally, Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998); Brinkley v. Harbour Rec. Club, 180 F.3d 598, 607 (4th Cir. 1999); St. Mary's Honor Ctr., 509 U.S. at 506.[6] Defendant does not contest for purposes of summary judgment that Plaintiff meets the first prong of his prima facie case with respect to both his sex and religious discrimination claims.

With respect to the second prong, Defendant argues that Plaintiff has not presented any evidence to show that he was qualified for his job at the time that he was discharged. However, Defendant does not dispute that it assigned Plaintiff to the job at issue, where he was working in the warehouse, and there is nothing in the evidence that has been presented by either party, including the Defendant, showing that Plaintiff's termination had anything to do with him being unqualified for the job that he was doing. Therefore, for purposes of summary judgment only, the undersigned has considered Plaintiff to have been qualified for his job. Texas Dep't of Community Affairs, 450 U.S. at 253 [the burden of establishing a prima facie case is not onerous].

---

[6]The exact standard to be used in establishing a prima facie case is flexible depending on the factual situation and the claim alleged. Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58(4th Cir. 1995).



Defendant also argues that Plaintiff has presented no evidence whatsoever to show that at the time of his discharge he was performing his job satisfactorily, that he was replaced in his job by either a female or by someone from a religion other than his own, or that there is in fact any evidence giving rise to an inference of unlawful sex or religious discrimination.  Defendant further argues that, even if a prima facie case has been shown, Plaintiff has presented no evidence to establish pretext with respect to his claims. Defendant notes that Plaintiff has engaged in no discovery in this case, and that the only evidence Plaintiff has presented (other than copies of his EEOC documents, previously referenced) is an affidavit he submitted as an attachment to his opposition memorandum from Tamara Wright, his cousin and also an employee of the Defendant during the relevant time period.   Defendant argues that neither this affidavit or any of the other evidence before the Court constitutes sufficient evidence to allow this lawsuit to continue, and the undersigned agrees.

In order to survive summary judgment under the McDonnell Douglas framework, Plaintiff must show that "but for" his employer's intent to discriminate against him because of his sex and/or religion, he would not have suffered the complained of adverse employment action. EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1991); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234 (4th Cir. 1991).  No such evidence has been submitted to this Court.  The Defendant has submitted excerpts from Plaintiff's deposition reflecting that Plaintiff testified that he was employed by the Defendant in March 2004 and assigned to work for Blue Cross /Blue Shield in a temporary capacity straightening up files at the Blue Cross/Blue Shield warehouse. Plaintiff's Deposition, p. 23.   Plaintiff testified that on or about March 19, 2004, the Defendant's Human Resources Manager, Susan Snurr, telephoned him at home and told him that his assignment at Blue



Cross/Blue Shield was terminated. Id, p. 28.  Plaintiff testified that he later learned he had been

dismissed because a female employee, Eartha Riley, had made allegations against him about his

conduct at work.  Id, pp. 29-30, 32-33; Exhibit 3 [EEOC Charge of Discrimination].

    Plaintiff denied intimidating or being abusive to Riley. Id.  However, Plaintiff did not

deny that Riley made a complaint against him, and that that was the stated reason for his termination.

Id.  Further, even though Plaintiff later filed discrimination charges against the Defendant because

of his dismissal, he essentially conceded at his deposition that he did not have any basis for a

discrimination claim at that time, but was instead pursuing the matter to *find out* if he had been

discriminated against.  Plaintiff's Deposition, pp. 71-72.  Plaintiff also testified that he had no facts

or evidence to show that his termination was due to either sex or religious discrimination, and that

in fact he did not know why the Defendant had fired him. Plaintiff's Deposition, pp. 50, 53-55, 66,

71-72.  Plaintiff testified that the Defendant never said anything to him about his religion, nor did

he have any specific information to support his claim that he was discriminated against because of

his sex.  Plaintiff's Deposition, pp. 71-73.   Indeed, Plaintiff's sex discrimination claim appears to

be based solely on the fact that the employee who made the complaint to management about his

conduct was a female.  Plaintiff's Deposition, pp. 72-73.

    None of Plaintiff's deposition testimony supports the discrimination claims he has

made in this lawsuit. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ["Rule 56(c) mandates the

entry of summary judgment... against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial."];  Hawkins v. Pepsico, Inc., 203 F.3d 274,281 (4th Cir. 2000) [affirming the grant

of summary judgment to the employer on Title VII claim where the employee could not "show that...



[the] problems were [gender and/or religious] in nature"]. Plaintiff's general and conclusory allegations in his Complaint, his brief opposing summary judgment, and the deposition testimony cited by the Defendant, without more, are simply insufficient to survive summary judgment. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998)[conclusory statements, without specific evidentiary support, do not support a claim for discrimination]; Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) ["unsubstantiated allegations" are insufficient to defeat summary judgment]; *cf.* Cook v. CSK Transp. Corp., 988 F.2d 507, 513 (4th Cir. 1993) ["[U]nsupported allegations do not establish a prima facie case of [gender and/or religious] discrimination under Title VII."].

Plaintiff has, of course, submitted an affidavit from fellow employee (and cousin) Tamara Wright, who attests that she was "present and in the close vicinity of the alleged incident", and that the Plaintiff "did not threaten or intimidate a Ms. Riley, a female co-employee....". Wright also attests to what other persons allegedly told her or said to her, including that the employee at issue, Ms. Riley, told her that she [Riley] had not made a complaint about Plaintiff intimidating or threatening her. These statements are the subject of Defendant's pending motion to strike, as inadmissible hearsay. However, even assuming these statements to be true and admissible, they do not help Plaintiff's claims in this case, as none of this testimony, even if true, establishes a *discriminatory motive* for Plaintiff's discharge. Whether or not the Defendant treated Plaintiff unfairly or did not in fact have good cause for terminating him is not the issue. In order to proceed with his Title VII claim, the evidence must show that Plaintiff suffered the adverse employment action at issue *because of his gender and/or religion*, not because he was treated unfairly or because of other reasons. Jamil v. Secretary Dep't of Defense, 910 F.2d 1203, 1207-1208 (4th Cir. 1990);

8



Holder v. Raleigh, 867 F.2d 823, 828 (4th Cir. 1989); Crowley v. Prince George's County, 890 F.2d

683, 687 (4th Cir. 1989), cert. denied, 111 S.Ct. 101 (1992); McCollum v. Bolger, 794 F.2d 602, 610

(11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987); see generally Moore v. Sears, Roebuck & Co.,

683 F.2d 1321, 1323, n. 4 (11th Cir. 1982); Jones v. Orleans Parish School Board, 679 F.2d 32, 38

(5th Cir. 1982), cert. denied, 461 U.S. 951 (1983); North Carolina Dep't of Corrections v. Gibson,

301 S.E.2d 78, 85 (N.C. 1983); St. Mary's Honor Ctr. v. Hicks, supra.  Plaintiff has failed to submit

any such evidence.[7]

Finally, Plaintiff himself, in his memorandum opposing summary judgment, directly

contradicts his purported deposition testimony, stating that he "did not" testify as shown on various

pages of the deposition transcript.  The Court is not required to accept these unsubstantiated and

self-serving statements and arguments.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.

1987) ["even though pro se litigants are held to less stringent pleading standards than attorneys, the

Court is not required to 'accept as true legal conclusions or unwarranted factual inferences'"].  The

---

[7]In its memorandum in support of summary judgment, the Defendant also argues, inter alia, that Plaintiff has failed to establish a retaliation claim under Title VII.  The undersigned does not read Plaintiff's amended Complaint as asserting a retaliation claim.  Nevertheless, even if a retaliation claim was being asserted by the Plaintiff, there is no evidence to support such a claim, as there is no evidence that Plaintiff engaged in "protected activity" as required for a retaliation claim, nor is there any evidence to show a causal connection between any protected activity and Plaintiff's termination.  See 42 U.S.C. § 2000(e)-3(a); Munday v. Waste Management of North America, Inc., 126 F.3d 239, 242 (4th Cir. 1997) [to establish a prima facie case of retaliation, an employee must show that they engaged in protected activity, that the employer took adverse employment action against the employee, and that a causal connection exists between the protected activity and the adverse action]; Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) [Plaintiff "must have evidence from which a reasonable factfinder could conclude that a causal connection exists between the protected activity and the adverse action(s)"]; cf. Rudolph v. Hechinger, 884 F.Supp. 184, 188 (D.Md. 1995) ["Title VII (does) not protect against unfair business decisions-only against decisions motivated by unlawful animus"], citing Turner v. Texas Instruments, Inc., 555 F.2d 1251, 1257 (5th Cir. 1977).



Defendant has provided a copy of the certification page of the Plaintiff's deposition showing that his deposition on oral examination was reported by Mary W. Hoskins, RPR and Notary Public in and for the State of South Carolina, who works for Garber Reporting Service. Plaintiff has provided no basis for this Court to find that his deposition transcript is false or otherwise incorrectly states his testimony, nor is the Court required to accept his unsworn and contradictory statements in his opposition memorandum in contravention of that testimony.  Bickenstaff v. Vassar College, 196 F.3d 435, 455 (2d cir. 1999) ["It is beyond cavil that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that...contradicts the affiant's previous deposition testimony."] (internal quotations and citations omitted); Kennedy v. Allied Mutual Ins. Co., 952 F2d 262, 266 (9th Cir. 1991) [party cannot create issue of fact by contradicting prior deposition testimony].

## Conclusion

        At summary judgment, the non-moving party has an obligation to present evidence to save his or her allegations from the status of speculation, and must respond with specific facts showing a genuine issue for trial.  Rule 56, Fed.R.Civ.P.; Celotex Corp., 477 U.S. at 322; Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1288, n.4 (4th Cir. 1985). Although Plaintiff may sincerely believe that he was subjected to religious and/or gender discrimination by the Defendant, a Title VII plaintiff cannot defeat a properly supported motion for summary judgment with unsupported speculation or allegations of discrimination. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985); Felty v. Graves-Humphreys, Co., 818 F.2d 1126, 1128 (4th Cir. 1987); Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference

10



upon another."].    Therefore, for all the reasons set forth hereinabove, Plaintiff's discrimination

claims should be dismissed.

Based on the foregoing, it is recommended that the Defendant's motion for summary

judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 24, 2007

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

